United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE 15TH. FAMILY COURT OF INSTABUL IN ISTANBUL, REPUBLIC OF TURKEY IN FATOŞ ÖZLEM ÜÇPINAR V. ŞENTÜRK YILDIRIM

Case No. 26-mc-80186-WHO

**ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Re: Dkt. No. 1

Pending before me is an application submitted by the United States Attorney for an order pursuant to 28 U.S.C. § 1782. Ex-Parte Application ("App.") [Dkt. No. 1]. The United States Attorney requests that I appoint Assistant United States Attorney Sarah E. Balkissoon as Commissioner and authorize AUSA Balkissoon to issue a subpoena and obtain information from an individual located within the jurisdiction of this court. For the following reasons, the Ex-Parte Application is GRANTED.

**BACKGROUND**

The request for international judicial assistance comes from the 15th Family Court of Istanbul in Istanbul, Republic of Turkey. Specifically, the court has issued a Letter of Request seeking judicial assistance to obtain information from Taskin Üçpinar, a relevant witness located in the United States, for use in a civil matter in Turkish court captioned, *Fatoş Özlem Üçpinar v. Şentürk Yildirim*, Reference Number 2018/900. *See* Declaration of Sarah E. Balkissoon ("Balkissoon Decl.") [Dkt. No. 1-2] ¶ 2. The Turkish Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington, D.C. pursuant to the Hague Convention on the Taking of

Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140. *Id.* The request was then sent to the U.S. Attorney's Office for the Northern District of California for execution in accordance with 28 C.F.R. § 0.49(c). *Id.* OIJA tried to contact Üçpinar directly in order to get the requested information voluntarily but has not received a response. *Id.* ¶ 4. The government is therefore seeking authority from this court. 28 U.S.C. § 1782.

**LEGAL STANDARD**

Under 28 U.S.C. § 1782, federal district courts may order the production of documents or testimony "for use in a proceeding in a foreign or international tribunal" so long as the disclosure does not "violat[e] . . . any legally applicable privilege." *See also Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 249 (2004). Section 1782 "permit[s] district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

Even if those mandatory statutory requirements are met, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264 (citation omitted). Rather, courts have discretion to determine whether discovery should be permitted, guided by four factors: (1) whether "the person from whom discovery is sought is a participant in a foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether a discovery request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed." *Id.* at 264-65.

"Applications made under 28 U.S.C. § 1782 are typically considered on an ex parte basis since 'parties will be given adequate notice of any discovery taken pursuant to the request and will

United States District Court
Northern District of California

then have the opportunity to move to quash the discovery or to participate in it.'" *In re Hopkins*, No. 20-MC-80012-SVK, 2020 WL 733182, at *2 (N.D. Cal. Feb. 13, 2020) (quoting *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte." *Id.* (quoting *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016)).

## DISCUSSION

### I. MANDATORY REQUIREMENTS

The requirements that must be met for a district court to authorize discovery are "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov*, 931 F.3d at 925 (citations omitted). Each is met here.

First, Üçpinar resides in Los Altos, California which is within the Northern District of California. Ex. 1 to Balkissoon Decl. Second, the Letter of Request clearly states that the information sought is for use in a case pending before the Turkish court. *Id.* Finally, the Letter of Request comes from the Turkish court itself, a foreign tribunal. *Id.* All three mandatory requirements are satisfied.

### II. DISCRETIONARY FACTORS

Other factors that I may consider when exercising my discretion to authorize discovery are (1) whether "the person from whom discovery is sought is a participant in a foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether a

discovery request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed." *Intel*, 542 U.S. at 264-65. Here, these factors all weigh in favor of granting the Application.

First, Üçpinar is not a party to the Turkish proceedings and is not subject to the Turkish court's jurisdiction because he is residing in California. Second, the request was initiated by the Turkish court, demonstrating the court's receptiveness to U.S. assistance. Third, and relatedly, the fact that the Turkish Court made the initial request, and that the United States Attorney is bringing the request to this court, provides sufficient assurance that this is not an attempt to circumvent Turkish discovery rules or thwart either the policies of either government. Finally, the request involves a single form with a series of questions for Üçpinar to answer which appear narrowly tailored to the Turkish court's needs. *See* Ex. 1 to Balkissoon Decl.

Together, the mandatory and discretionary factors favor granting the government's application. Accordingly, I exercise my discretion to authorize discovery as outlined in the § 1782 application.

**CONCLUSION**

For the foregoing reasons, the Application is GRANTED. Assistant United States Attorney Sarah E. Balkissoon is appointed as Commissioner for purposes of obtaining the requested information from Üçpinar and to take such other action as is required to execute the Letter of Request from the Turkish government. In addition:

1. The Commissioner shall provide Üçpinar with a copy of this Order and the accompanying Application documents.
2. The Commissioner shall serve a subpoena upon Üçpinar in substantially similar format to the proposed subpoena attached to the Declaration of Sarah E. Balkissoon, filed concurrently with the Application. The subpoena shall be served by mail on Üçpinar at his home in Los Altos Hills, California.
3. Within 30 calendar days from receipt of the subpoena, provided that no motion to quash is filed pursuant to paragraph 6 of this Order, Üçpinar shall provide the requested information, along with a notarized verification signed under penalty of perjury, to the

Commissioner by email at sarah.balkissoon@usdoj.gov and to the following physical address:

Sarah E. Balkissoon
Assistant U.S. Attorney
U.S. Attorney's Office for the Northern District of California
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102

4. The Commissioner may agree in writing and without additional Court order to provide additional time to Üçpinar to provide the requested information. Further, the Commissioner may, in its discretion, withdraw the subpoena. In the event the subpoena is withdrawn, Üçpinar shall not be obligated to provide the requested information.
5. This Order does not preclude the United States from filing an amended petition for a further order authorizing an amended subpoena requesting additional information from Üçpinar in the event the Turkish court requests additional information from Üçpinar after reviewing Üçpinar's response to the subpoena authorized by this Order.
6. This Order does not preclude Üçpinar from filing a motion to quash or modify the subpoena.

**IT IS SO ORDERED.**

Dated: August 17, 2026

William H. Orrick
United States District Judge